# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| **In re:** | Chapter 13 Proceedings |
| **GINA M. COOKE,** | Case No.: 3:18-bk-10014-DPC |
| Debtor. | |
| **JON FIEBELKORN,** | Adversary No.: 3:18-ap-00519-DPC |
| Plaintiff, | **ORDER RE DEBTOR'S MOTION FOR ATTORNEYS' FEES** |
| v. | |
| **GINA M. COOKE,** | **[NOT FOR PUBLICATION]** |
| Defendant. | |

Before the Court is Gina M. Cooke's ("Defendant" or "Debtor") motion[1] for an award of attorney's fees in the amount of $89,675 in connection with her successful defense of the nondischargeability complaint brought against her by Debtor's former husband, Jon Fiebelkorn ("Plaintiff"). For the reasons stated below, this Court denies Debtor's Fee Motion and finds that, although Debtor has sustained her burden under 11 U.S.C. § 523(d),[2] Plaintiff has established that his pursuit of his claims in the Adversary Proceeding was substantially justified. No other statute or rule cited by Debtor supports her request for fees.[3]

## I. BACKGROUND

Plaintiff's Complaint sought, under §§ 523(a)(2), (4), (5) and (6), to hold nondischargeable Debtor's obligations to him. These obligations are memorialized in the

---

[1] The "Fee Motion." See DE 92. "DE" means docket entry in this adversary proceeding No. 3:18-ap-00519-DPC (the "Adversary Proceeding"). "Admin DE" means docket entry in this administrative case No. 3:18-bk-10014-DPC (the "Administrative Case").

[2] Unless indicated otherwise, statutory citations refer to the U.S. Bankruptcy Code, 11 U.S.C. §§ 101 – 1532.

[3] This Order constitutes this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

1

parties' May 2016 written marital settlement agreement (the "MSA" or the "Marital Settlement Agreement"). The MSA was entered into in the State of Illinois in connection with a marital dissolution proceeding (the "Divorce Case") commenced in the 10th Judicial Circuit of Illinois, Woodford County (the "Illinois Court").

This Court partially granted Debtor's motion for summary judgment and dismissed Plaintiff's § 523(a)(6) claim. The Court also then denied Debtor's summary judgment requests on Plaintiff's § 523(a)(2) and (4) claims finding there existed genuine issues of material fact, especially concerning Debtor's intent. At the conclusion of the trial in this matter, the Court dismissed Plaintiff's § 523(a)(5) claim finding that Plaintiff's claims were not domestic support obligations owed to him.

On June 15, 2020, this Court entered its Under Advisement Order[4] denying the §§523(a)(2) and (4) relief sought by Plaintiff but also denying Debtor her requested fees. Debtor then filed her Fee Motion. Although the Under Advisement Order ruled on Debtor's fee requests, the Fee Motion never mentions Bankruptcy Rules 9023 or 9024 or FRCP Rules 59 or 60 or even the word "reconsideration." Nevertheless, this Court will address the Fee Motion as if it seeks this Court's reconsideration of the Under Advisement Order's denial of Debtor's fee request.

Plaintiff responded[5] to the Fee Motion and Debtor replied.[6] No judgment has yet been entered in this Adversary Proceeding.

## II. JURISDICTION

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I) and 11 U.S.C. § 523(d).

## III. ISSUE

Whether Debtor is entitled to an award of attorney's fees against Plaintiff in

---
[4] DE 77.
[5] DE 98.
[6] DE 101.

connection with her successful defense of Plaintiff's nondischargeability complaint concerning debts owed to him arising out of the parties' Marital Settlement Agreement.

## IV. LEGAL ANALYSIS

Under the "American Rule," a litigant in federal court is not entitled to an award of attorneys' fees and costs unless an applicable statute or enforceable contract provides for such award.[7] The Bankruptcy Code does not provide a general right to recover fees.[8] Neither do 11 U.S.C. §§ 523(a)(2) or (4) provide a statutory right to fees in favor of the prevailing party. However, as the 9th Circuit indicated in *Baroff*, "a prevailing party in a bankruptcy proceeding may be entitled to an award of attorney fees in accordance with applicable state law if state law governs the substantive issues raised in the proceedings."[9] Moreover, § 523(d) addresses attorney's fees in a nondischargeability case where the claim at issue is a consumer debt.

The Court will address (a) state law cited by the Debtor, (b) the parties' contract, and (c) § 523(d).

### A. State Law Cited by Debtor

Debtor cites A.R.S. 12-341.01 for the proposition that she is entitled to an award of attorney's fees in connection with this Adversary Proceeding. That statute states:

> A. In any contested action arising out of a contract, express or implied, the court may award the successful party reasonable attorney fees. If a written settlement offer is rejected and the judgment finally obtained is equal to or more favorable to the offeror than an offer made in writing to settle any contested action arising out of a contract, the offeror is deemed to be the successful party from the date of the offer and the court may award the successful party reasonable attorney fees. This section shall not be construed as altering, prohibiting or

---

[7] *Travelers Casualty & Surety Company of America v. Pacific Gas and Electric Company*, 549 U.S. 443, 448, 127 S. Ct. 1199 (2007).
[8] *Heritage Ford v. Baroff (In Re Baroff)*, 105 F.3d 439, 441 (9th Cir. 1997).
[9] *Id*. See also *In re Bertola*, 317 B.R. 95 (9th Cir. BAP 2004).

3

> restricting present or future contracts or statutes that may provide for attorney fees.
> B. The award of reasonable attorney fees pursuant to this section should be made to mitigate the burden of the expense of litigation to establish a just claim or a just defense. It need not equal or relate to the attorney fees actually paid or contracted, but the award may not exceed the amount paid or agreed to be paid.
> C. The court and not a jury shall award reasonable attorney fees under this section.

Debtor is clearly the prevailing party in this Adversary Proceeding and the MSA is a written contract between the parties and that MSA gives rise to Plaintiff's claims against Debtor. However, the MSA was entered into in Illinois and was approved by the Illinois Court in the Divorce Case. The events leading up to execution of the MSA occurred in Illinois and, at all relevant times, the parties were Illinois residents. Performance under the MSA, especially the refinance or sale of the Illinois residence, was to occur in Illinois. All the relevant facts and allegations asserted in Plaintiff's Complaint pertained to events that occurred in Illinois before Debtor's August 18, 2018 bankruptcy filing ("Petition Date"). Debtor points to the Divorce Case's Illinois judgment having been domesticated in Arizona on January 18, 2019, but that was nearly a year after the Petition Date and over one month after commencement of this Adversary Proceeding. The Arizona judgment domestication does not make the MSA or the Illinois judgment an Arizona contract nor does it give rise to Debtor's claim for contractually driven attorneys' fees. A.R.S. § 12-341.01 is inapplicable to the case at bar. To use Debtor's words, the "center of gravity" in this conflict of law question is in Illinois, not Arizona.

Debtor cites the Arizona Court of Appeals unpublished case of *Marriage of Orinski*[10] in support of her proposition that the domestication of a California divorce judgment in Arizona invokes Arizona's attorney fee statute, A.R.S. § 12-341.01. *Orinski*, however, involved a request for fees in Arizona where, subsequent to the domestication of the California judgment in Arizona, the parties litigated requests to

---

[10] *In re the Marriage of Sharon Orinski v. William Orinski*, 2011 WL 683756 (Ariz. App. 2011).

4

modify spousal maintenance in Arizona courts. In the case at bar, the parties litigated the dischargeability of debts incurred and actions taken in Illinois, all prior to the Petition Date. *Orinski* is inapplicable to this case.

Illinois law has not been cited by Debtor nor has this Court independently sought to review Illinois law to see what it might provide to support Debtor's request for fees. Since Arizona law is inapplicable to this fee issue and since no other statute or case law has been brought to this Court's attention, the Court must find another basis to support Debtor's fee request.

### B. The Contract Between the Parties

Debtor points to the MSA as the contract pertinent to her Fee Motion. The Court finds the MSA is a contract between the parties but, significantly, Debtor does not cite to any provision within the MSA itself which might support Debtor's claim for attorney's fees nor does this Court read the MSA to provide for fees in the event of litigation pertaining to the MSA. Just the contrary. Paragraph V of the MSA states "[e]ach party shall pay their own attorney fees."

Arizona law is not applicable to Debtor's Fee Motion. The MSA itself does not supply a basis for an award of fees to Debtor. Debtor's fee request may only be granted if § 523(d) supplies the basis for the requested fees.

### C. Section 523(d) as a Basis for An Award of Attorney's Fees

The only federal statute cited by Debtor in support of an award of her fees in this Adversary Proceeding is the statute first mentioned in the Debtor's papers after entry of this Court's Under Advisement Order.[11] In Debtor's Fee Motion she, for the first time, references § 523(d) which provides:

---

[11] In the Court's Under Advisement Order at page 29, the Court denied Debtor's request for attorney's fees noting: "Defendant has not argued that this Adversary Proceeding concerns the question of dischargeability of a consumer debt. Defendant has not demonstrated that an award of attorney's fees is justified under Federal Rule of Bankruptcy Procedure 7054. Defendant has suggested Bankruptcy Rule 7068 provides a basis for awarding her fees in this Adversary Proceeding. That Rule, however, pertains to offers of judgment and then only to an award of costs if the ultimate judgment is more favorable to the offeror. Defendant does not point to having made an offer of judgment

5

> [i]f a creditor requests a determination of dischargeability of a consumer debt under subsection (a)(2) of this section, and such debt is discharged, the court shall grant judgment in favor of the debtor for the costs of, and a reasonable attorney's fee for, the proceeding if the court finds that the position of the creditor was not substantially justified, except that the court shall not award such costs and fees if special circumstances would make the award unjust.

The Ninth Circuit Bankruptcy Appellate Panel in *Stine*[12] quoted the following:

> Section 523(d) was intended to discourage creditors from initiating meritless actions based on § 523(a)(2) in the hope of obtaining a settlement from an honest debtor anxious to save attorney's fees [citation omitted]. However, this concern must be balanced against the risk that imposing the expense of the debtor's attorney's fees and costs on the creditor may chill creditor efforts to have debts that were procured through fraud declared nondischargeable. *In re Carolan*, 204 B.R. at 987.

*Stine* went on to say: "However, there is no presumption that the creditor was not substantially justified simply because it did not prevail."[13]

"In order to prevail on a motion for attorney's fees under § 523(d), a debtor must prove that: (1) the creditor requested a determination of the dischargeability of a debt, (2) the debt is a consumer debt, and (3) the debt was discharged."[14]

1. The *Harvey* Factors

Debtor satisfies this first factor since Plaintiff's complaint in this Adversary Proceeding was entirely focused on his allegedly nondischargeable claims against Debtor. As to the second *Harvey* Factor, § 101(8) defines a "consumer debt" as a "debt incurred by an individual primarily for a personal, family, or household purpose." Debts related to

---

nor has she identified the costs incurred by her in this action. Having supplied the Court with no legal basis to grant Defendant her attorney's legal fees in this Adversary Proceeding, the Court hereby denies Defendant an award of legal fees."

[12] *In re Stine*, 254 B.R. 244 (9th Cir. BAP 2000).
[13] *Id*.
[14] *In re Harvey*, 172 B.R. 314, 317 (9th Cir. BAP 1994) (quoting *In re Kullgren*, 109 B.R. 949, 953 (Bankr. C.D. Cal. 1990)). These three factors are hereinafter referred to as the "*Harvey* Factors."

housing fall under the category of "consumer debts."[15] "It is settled in [the Ninth Circuit] that the purpose for which the debt was incurred affects whether it falls within the statutory definition of 'consumer debt' and that a debt incurred for business ventures or other profit-seeking activities does not qualify."[16] Generally, marital dissolution debts are considered to be consumer debts if they are not incurred with a profit motive or in connection with a business transaction.[17] A property settlement agreement in the form of a lump sum award in a divorce proceeding is a consumer debt.[18]

Plaintiff argues that Debtor's obligation to him "was to account for the couple's investment in the real property and the increase in value in that home." The home, when acquired, was for a very fundamentally "household purpose." It was where the parties lived and raised their child. When the MSA created Debtor's debt to Plaintiff it was in recognition that the parties needed to divide these household assets and liabilities. This MSA-created debt was a consumer debt owed by Debtor to Plaintiff. Plaintiff's valiant efforts to distinguish the holding in *Palmer*[19] and to persuade this Court that the MSA created something other than a "consumer debt" is to no avail.

This Court finds that Plaintiff's complaint in this Adversary Proceeding concerned a consumer debt owed to Plaintiff by Debtor.

The third §523(d) *Harvey* Factor that the Debtor must prove is that the "debt is discharged." Debtor is in a chapter 13 proceeding. Her chapter 13 plan has not yet been confirmed so, of course, she has not yet received a discharge in this chapter 13 case. Bankruptcy Judge Madeleine Wanslee had occasion to discuss the applicability of 523(d) in the context of a case where a debtor's chapter 11 plan was confirmed and a final decree was entered but no discharge had yet been granted because the confirmed plan had not yet been fully performed. In the *Livdahl*[20] case, Judge Wanslee held "[t]his Court agrees with

---

[15] *In re Stoltz*, 286 B.R. 283 (Bankr. D. Vt. 2001).
[16] *In re Hill*, 268 B.R. 548, 552-53 (9th Cir. BAP 2001) (discussing "consumer debt" in § 1322(b)(1)).
[17] *In re Kestall*, 99 F.3d 146 (4th Cir. 1996); *In re Steward*, 175 F.3d 796 (10th Cir. 1999).
[18] *In re Palmer*, 117 B.R. 443, 446 (Bankr. N.D. Iowa 1990).
[19] See FN 1 in Debtor's Response at DE 98, page 3.
[20] *In re Livdahl,* 2019 WL 1077268 (Bankr. Ariz. 2019).

7

both *Malone*[21] and *Baptiste*[22] and concludes that the lack of a discharge in this case does not prevent the Court from making the determination on whether fees and costs should be allowed under § 523(d). Payment of the fees and costs can be conditioned upon the entry of discharge." This Court agrees with Judge Wanslee's ruling as well as the holdings in *Malone*[23] and *Baptiste*.

Since Debtor satisfied two of the three § 523(d) *Harvey* Factors and may someday obtain a bankruptcy discharge (thereby satisfying the third *Harvey* Factor), the burden then shifts to Plaintiff to demonstrate his actions were substantially justified.[24] A party attempting to demonstrate its actions were substantially justified must show that there was a reasonable basis for the facts asserted, a reasonable basis in the law for the legal theory proposed and support for the legal theory by the facts alleged.[25]

2. <u>Special Circumstances</u>

If Plaintiff is unable to demonstrate his actions were substantially justified, the Court is required[26] to award Debtor her costs and a reasonable attorney fee for his proceeding unless the Court finds that "special circumstances would make the award unjust."

Plaintiff argues that "special circumstances" exist in this case because Debtor acted in bad faith by filing her bankruptcy primarily to shed her obligations to Plaintiff but only after she spent off the home sale proceeds by paying certain other creditors and incurring certain expenses Plaintiff considered frivolous. This Court rejects Plaintiff's contention that Debtor's pre-petition conduct evidenced her bad faith filing in this chapter 13 case. Preferring one creditor over another might give rise to avoidable transfers under § 547 but, in the context of this case, it does not demonstrate Debtor acted in bad faith in filing

---

[21] *In re Malone*, 2011 WL 3800121, at *4.
[22] *In re Baptiste*, 2010 WL 3834607, at *1.
[23] *Malone*, like the case at bar, involved a §523(d) fee request by a chapter 13 debtor who had not yet obtained their chapter 13 discharge.
[24] *In re Harvey*, 172 B.R. at 517. See also *In re Stine*, 254 B.R. 244, 249 (9th Cir. BAP 2001)(citing *Harvey* with approval).
[25] *In re Hunt*, 238 F.3d 1098 (9th Cir. 2001).
[26] § 523(d) says the ". . . court <u>shall</u> grant judgment in favor of the debtor . . . ."

8

her chapter 13 case. Moreover, the Debtor's use of some of the home sale proceeds for such things as fingernail grooming and other personal uses does not, in this case, demonstrate this case was filed in bad faith.[27]

3. <u>Substantial Justification</u>

Since this Court finds no special circumstances exist to make an award of fees against Plaintiff unjust, the Court must determine whether Plaintiff carried his burden of demonstrating that his actions in this Adversary Proceeding were substantially justified.

Arguing that Plaintiff's actions in this Adversary Proceeding were not substantially justified, Debtor contends that, when the Illinois Court found in July 2017 that Debtor's refinancing efforts were proper, this was a clue to Plaintiff that Debtor was acting in accordance with the MSA and Divorce Case judgment. This contention, even if correct, misses the point of Plaintiff's Complaint, namely that Plaintiff was defrauded, and that Debtor breached her fiduciary duty to Plaintiff when she failed to pay Plaintiff upon sale of her residence.

Debtor next argues Plaintiff insisted that a fraud occurred before and at the Illinois Court's May 2016 trial. Although Plaintiff contends in this Adversary Proceeding that Debtor never intended to pay Plaintiff amounts set forth in the MSA, Plaintiff's fraud and breach of fiduciary duty claims were more urgently focused on what Debtor did and failed to do once she sold the home in 2018, long after the parties battles in the Illinois Court. The Court rejects this "no fraud in 2016" argument by Debtor.

Finally, Debtor argues that Plaintiff should have discontinued his efforts in this Adversary Proceeding once he saw the communications between Debtor and her lawyer concerning Debtor's home sale and use of the sale proceeds. These documents were shared with Plaintiff just before trial. While these documents were not the "smoking gun" Plaintiff hoped to find and while this Court had doubts about whether these documents established fraud by the Debtor, Plaintiff acted reasonably in pressing on with the trial to

---

[27] In addition to the foregoing, in this Court's Under Advisement Order at FN 98, this Court held: "The Court is unwilling to find Plaintiff's litigation in this Court to have been unjustified or vexatious. While the Court is denying all of Plaintiff's causes of action in this Adversary Proceeding, the Court finds his positions in this proceeding to have been fairly debatable and brought in good faith."

test, through cross-examination of the Debtor, what these communications really meant in the context of Plaintiff's § 523(a)(2) and (4) claims.[28]

Plaintiff argues his pursuit of this Adversary Proceeding was reasonably justified because (a) denial of Debtor's motion for summary judgment demonstrated that the Court found a genuine issue of material fact remained on the question of Debtor's fraudulent intent, (b) Plaintiff failed to carry his burden of proof on only two elements of fraud (fraudulent intent and reliance) but did prove the rest of the elements of Debtor's fraud and (c) Plaintiff did introduce numerous documents and testimony tending to support Plaintiff's claims of Debtor's fraudulent intent and reliance on Debtor's representation.[29] The Court agrees with each of Plaintiff's arguments. The Court finds that Plaintiff's pursuit of this Adversary Proceeding was based on claims that had a reasonable basis in both fact and law.

## V. CONCLUSION

Based on the foregoing, this Court denies Debtor's Fee Motion. Debtor has not yet demonstrated she is entitled to fees under § 523(d) because she has not yet been granted a discharge in her chapter 13 case. More importantly, if and when she does receive a discharge, Plaintiff has demonstrated to this Court's satisfaction that pursuit of his complaint in this Adversary Proceeding was substantially justified. Further, this Court finds there are no contractual terms in the parties' MSA supporting Debtor's Fee Motion nor is Arizona law applicable to this matter nor has any other legal basis been supplied to this Court by Debtor. § 523(d) and the American Rule on attorney's fees determines this Court's outcome. Debtor's Fee Motion is denied.

Plaintiff's counsel is directed to lodge a form of judgment consistent with both this Order and the Under Advisement Order but only after sending to Debtor's counsel a draft of the form of judgment for his review.

**DATED AND SIGNED ABOVE.**

---

[28] Without necessarily needing to resolve the issue of the reasonableness of Debtor's fees, it has not escaped the Court's attention that Debtor's fee request totals $89,675 on a non-dischargeable claim sought by Plaintiff in the amount of $68,925.

[29] DE 98, page 4.